JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 13-01309-CJC(MRWx)            Date: August 28, 2013

Title: <u>RIVERWALK HOLDINGS, LTD. V. HUU D. HO</u>

PRESENT:

**<u>HONORABLE CORMAC J. CARNEY, UNITED STATES DISTRICT JUDGE</u>**

<u>Nancy Boehme</u>                      <u>   N/A   </u>
Deputy Clerk                          Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

None Present                           None Present

**PROCEEDINGS: (IN CHAMBERS) SUA SPONTE ORDER REMANDING CASE FOR LACK OF SUBJECT MATTER JURISDICTION**

**Introduction and Background**

       Plaintiff Riverwalk Holdings, Ltd. ("Plaintiff") filed this action for common counts against Defendant Huu D. Ho in Orange County Superior Court on March 22, 2012. (Dkt. No. 3 ["Not. of Removal"] at 7−9 ["Compl."].)  Mr. Ho removed the action to this Court on August 27, 2013 on the basis of federal question jurisdiction.  (Not. of Removal.)  Mr. Ho asserts that this Court has jurisdiction because (1) the Due Process Clause of the United States Constitution guarantees to the defendant the right to be heard and "the state court is not inclined to consider the defenses in a fair and impartial manner," (2) "[P]laintiff is involved in unfair and deceptive advertising and trade practices as regulated under 15 USC § 52," and (3) "[t]he disputes involved in this complaint involve material violations of Title 15 USC § 1601 et seq." (Not. of Removal at 3.)  Having considered Mr. Ho's notice of removal, the Court concludes it lacks jurisdiction and **REMANDS** this action to Orange County Superior Court.

**Discussion**

       A defendant may remove a civil action filed in state court to a federal district court if the federal court may exercise original jurisdiction over the action.  28 U.S.C. § 1441(b).  Federal courts have original jurisdiction over civil actions "arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  The defendant

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 13-01309-CJC(MRWx)            Date: August 28, 2013
                                                                                                                                        Page 2

---

removing the action to federal court bears the burden of establishing that the district court has subject matter jurisdiction over the action, and the removal statute is strictly construed against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."). Whether subject matter jurisdiction exists may be raised by the Court sua sponte at any time. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

       Federal question jurisdiction is determined under the "well-pleaded complaint rule," under which "federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Thus, "[t]he rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Id.* However, "under the artful pleading doctrine, a plaintiff may not avoid federal jurisdiction by 'omitting from the complaint federal law essential to his claim, or by casting in state law terms a claim that can be made only under federal law.' " *Rains v. Criterion Sys., Inc.* 80 F.3d 339, 344 (9th Cir. 1996) (quoting *Olguin v. Inspiration Consol. Copper Co.,* 740 F.2d 1468, 1472 (9th Cir. 1984)).

       Here, no federal question is apparent from the face of the Complaint. The sole cause of action in the Complaint is a California state law cause of action for common counts. Mr. Ho's invocation of the federal Due Process Clause and his assertion that the case involves practices regulated under 15 U.S.C. § 52 and involves material violations of 15 U.S.C. § 1601 *et seq.* is unavailing because such federal laws do not appear on the face of the Complaint. Mr. Ho does not contend that Plaintiff's common counts cause of action depends in any way on federal law. Therefore, Mr. Ho has not met his burden of showing that this Court has subject matter jurisdiction over the action.

//
//
//
//
//
//
//
//

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 13-01309-CJC(MRWx)          Date: August 28, 2013
                                                                                Page 3

**Conclusion**

       For the foregoing reasons, this case is **REMANDED** to Orange County Superior Court.

jcm

MINUTES FORM 11
CIVIL-GEN                                                          Initials of Deputy Clerk nkb